UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

|  |  |  |
|---|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *Trimboli v. Xanodyne Pharm., Inc., et al.,* | ) ) ) ) ) ) ) ) | Civil Action No. 2:11-189-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

        Defendant Xanodyne Pharmaceuticals, Inc. ("Xanodyne") has filed a motion to dismiss in this action.  [MDL Record No. 440]  It argues that the claims asserted against it by Plaintiff Gregory Trimboli should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because personal jurisdiction is lacking.  For the reasons explained below, the Court will grant Xanodyne's motion.

## BACKGROUND

        This multidistrict litigation ("MDL") proceeding arises from injuries that the plaintiffs or their decedents suffered as a result of ingesting propoxyphene-containing products.  Gregory Trimboli, the plaintiff in the individual action that is subject to this motion, filed suit on March 8, 2011, in the United States District Court for the Eastern District of Pennsylvania.  [Civil

-1-

Action No. 2: 11-189; Record No. 1]  The *Trimboli* case was transferred to this Court on August 16, 2011, for consolidated pretrial proceedings.  [MDL Record No. 1]

Trimboli filed his second amended complaint on October 31, 2011.  [MDL Record No. 278]  He alleges that his decedent, Flora Trimboli, suffered "cardiovascular injuries culminating in her sudden death from a myocardial infarction" as a result of ingesting generic propoxyphene products.  [*Id.* ¶ 11]  Trimboli is a resident of Shelton, Connecticut, and the decedent was a resident of New Haven, Connecticut, at "all relevant times."  [*Id.* ¶¶ 7-8]  In support of his choice of venue, Trimboli does not refer to Xanodyne's connection with Pennsylvania, instead alleging only that "Defendants were authorized to do business within the state of Connecticut and derived substantial revenues from products sold in Connecticut and within Plaintiff's district."[1]  [*Id.* ¶ 53]  On November 30, 2011, Xanodyne filed a motion to dismiss Trimboli's second amended complaint for lack of personal jurisdiction.  [MDL Record No. 440]

## ANALYSIS

Pursuant to the statute governing multidistrict litigation actions, 28 U.S.C. § 1407, the transferee Court possesses the powers of the transferor court.  *Howard v. Sulzer Orthopedics, Inc.*, 382 F. App'x 437, 442 (6th Cir. 2010).  Thus, for present purposes, the relevant question is whether Xanodyne is subject to personal jurisdiction in the Eastern District of Pennsylvania, where the case was originally filed.

---

1   The first complaint alleged that venue was proper in the Eastern District of Pennsylvania as "Defendants, at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted, and sold Darvon, Darvocet, and Propoxyphene in interstate commerce and in this District."  [Case No. 2: 11-189, Record No. 1 ¶ 29]  It is unclear why Trimboli changed his the allegations in his second amended complaint to refer to Connecticut.

The Court may exercise personal jurisdiction over Xanodyne only if such jurisdiction is authorized by Pennsylvania law and otherwise consistent with the Due Process Clause of the Fourteenth Amendment.  Pennsylvania's long-arm statute allows personal jurisdiction over nonresident defendants to the "fullest extent allowed under the Constitution of the United States." 42 Pa. Consol. Stat. Ann. § 5322(b).  Personal jurisdiction may be found to exist either generally or specifically.  General jurisdiction exists when a defendant has "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  Specific personal jurisdiction exists when the "claim arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

It is well-established that the plaintiff bears the burden of establishing personal jurisdiction. *See, Inc. v. Imago Eyewear Pty., Ltd.*, 167 F. App'x 518, 520 (6th Cir. 2006) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)).  A plaintiff facing "'a properly supported motion for dismissal'" on personal-jurisdiction grounds "'may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'"  *Id.* at 521 (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  The plaintiff can meet this burden by "'establishing with reasonable particularity sufficient contacts between'" the defendant and the forum state.  *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

In support of its motion, Xanodyne provided the affidavit of Natasha Giordano, President and Chief Executive Officer of Xanodyne. [MDL Record No. 442] Giordano states that Xanodyne is "a company registered to do business and organized under the laws of the state of Delaware, with its principal place of business in the Commonwealth of Kentucky." [*Id.* ¶ 3] Trimboli failed to respond with an affidavit of his own. Instead, he opposed Xanodyne's motion by referring to a portion of a consolidated opposition to another defendant's motion to dismiss for lack of personal jurisdiction. [*See* Record No. 910 (incorporating by reference Section II of the plaintiffs' consolidated opposition to generic defendant Endo Pharmaceuticals' motion to dismiss [MDL Record No. 901])] However, the argument on which Trimboli relies concerns completely different defendants and vastly different facts than those presently before the Court. In fact, the consolidated opposition "discusses neither Pennsylvania nor Xanodyne." [MDL Record No. 1033, p. 2]

Rather than setting forth any facts that would establish that the District Court for the Eastern District of Pennsylvania has general or specific jurisdiction over Xanodyne, Trimboli requests leave to conduct discovery to "ascertain the facts bearing on whether a party is properly subject to [personal jurisdiction]." [MDL Record No. 910, p. 1] The Court has broad discretion in allowing jurisdictional discovery. *Theunissen*, 935 F.2d at 1458. However, based on Trimboli's complaint, as well as his response to Xanodyne's motion, it is unclear what relevant facts could be established by such discovery. Therefore, the Court will deny this request.

When the Court does not allow jurisdictional discovery, it must "consider the pleadings and affidavits in the light most favorable to the plaintiff." *Serras v. First Tenn. Bank Nat'l*

-4-

*Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (internal quotation marks omitted). In other words, a plaintiff need only make a prima facie case that personal jurisdiction exists. *Theunissen*, 935 F.2d at 1458. However, Trimboli has failed to carry even this lesser burden.

To the extent that the consolidated opposition is relevant to the motion currently before the Court, Trimboli seems to argue that the Court has general jurisdiction over Xanodyne because it established substantial contacts in the forum state "through placement of salespersons and realized sales revenues." [MDL Record No. 901, p. 26] The plaintiffs' consolidated opposition discusses generic defendant Endo Pharmaceuticals, Inc.'s connections with the forum states. Not one of those facts is relevant to Xanodyne's connection with Pennsylvania. Trimboli has failed to set forth even general — much less specific — facts that would demonstrate that there is personal jurisdiction over Xanodyne in the Eastern District of Pennsylvania. *See Imago Eyewear*, 167 F. App'x at 521. Therefore, he has not satisfied his burden to establish a "prima facie case of personal jurisdiction." *Compuserve v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

In the event that the Court finds personal jurisdiction to be lacking, Trimboli requests that his case be transferred either to this Court or to the "Connecticut state court." [MDL Record No. 910, p. 1] As an initial matter, a federal court cannot transfer a case to state court. *See Bingham v. Pancake*, No. 5:09-CV-95, 2011 WL 1134258, at *1 (W.D. Ky. Mar. 25, 2011). Furthermore, the Court does not have the power to transfer a case to itself in the manner requested by Trimboli because "self-assignment is beyond the scope of the transferee court's authority." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39-40 (1998) (holding that the plain

language of 28 U.S.C. § 1407(f) imposes a responsibility to remand, which "bars recognizing any self-assignment power in a transferee court"). Therefore, Trimboli's transfer request will be denied.

**CONCLUSION**

Trimboli has failed to meet his burden of establishing a prima facie case of personal jurisdiction over Xanodyne in the Eastern District of Pennsylvania. Xanodyne, therefore, is entitled to dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED** that Defendant Xanodyne Pharmaceuticals, Inc.'s motion to dismiss [MDL Record No. 440] is **GRANTED**. And because this Court's order of dismissal is based upon a lack of jurisdiction over the moving defendant, Plaintiff Gregory Trimboli claims against Xanodyne will be **DISMISSED**, without prejudice.

This 8th day of March, 2012.



Signed By:

_Danny C. Reeves_ DCR

United States District Judge